IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1042-D |
| | ) |
| LEWIS BARBER, JR., *et al*., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court upon the Application to Dismiss and for Change of Venue [Doc. No. 24], filed by Defendant Lewis Barber, Jr. Mr. Barber moves for a dismissal of Count II of the First Amended Complaint (which seeks to foreclose federal tax liens on real property located in Oklahoma) and all other claims against the property. He also seeks a transfer of venue of the remaining Count I (which seeks to collect unpaid taxes) to the District of Nevada, where Mr. Barber resides. The procedural basis of the motion is unclear, but the Court has determined that it should be treated as a motion under Fed. R. Civ. P. 12(b). *See* Order 3/17/09 [Doc. 25]. Plaintiff, the Oklahoma Tax Commission, and Oklahoma County have responded in opposition to the motion, and Mr. Barber has filed reply briefs. The motion is thus at issue.

### Rule 12(b)(6)

Viewed as a Rule 12(b)(6) motion, the Court finds no proper basis for dismissal of the action. Plaintiff seems to assert that Count II of the First Amended Complaint fails to state a claim upon which relief can be granted.[1] Mr. Barber argues, in part, that a decree of divorce issued in

---

[1] *The Court disregards Mr. Barber's contentions that the First Amended Complaint fails to state a cause of action against Cecilia Barber. Cecilia Barber has filed an Answer [Doc. 21], and Mr. Barber cannot assert her legal rights. See Kowalski v. Tesmer, 543 U.S. 125 (2004) (a party must assert his own legal rights and cannot assert the rights of others, except under circumstances where there is a "hindrance" to the other person's ability to protect his or her interests).*

September, 2003, to Mr. Barber and his ex-wife, Defendant Cecelia Barber, prevents tax liens from attaching to the real property, which was transferred to Mrs. Barber in August, 2003. To the extent this argument relies on matters outside the complaint, it is improper for consideration under Rule 12(b)(6).[2] To the extent it is limited to the allegations of Plaintiff's pleading, which states facts regarding the divorce and the property transfer in 2003, the Court finds that it lacks merit. Count II of the First Amended Complaint plainly states a claim for relief.

A federal tax lien arises upon all property rights of a taxpayer who fails to pay a tax liability after a demand; the lien is effective from the time of assessment. *See United States v. Bell Credit Union*, 860 F.2d 365, 367 (10th Cir. 1988); 26 U.S.C. § 6322.[3] A transfer of property does not affect a tax lien that arose prior to the transfer. *See United States v. Cache Valley Bank*, 866 F.2d 1242, 1244-45 (10th Cir. 1989); *see also Russell v. United States*, 551 F.3d 1174, 1179 (10th Cir. 2008). The First Amended Complaint alleges that Mr. Barber was an owner of the real property at issue in Count II from April, 1992, until August, 2003. Plaintiff seeks to foreclose federal tax liens for tax years 1993 through 1997 and 2000, which were assessed long before 2003.[4] *See* First Am. Comp. [Doc. 16], ¶ 12. In considering a Rule 12(b)(6) motion, the Court must assume the truth of Plaintiff's well-pleaded factual allegations and considers only "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v.*

---

[2] *The Court declines to treat the motion to dismiss as a motion for summary judgment. See Fed. R. Civ. P. 12(d).*

[3] *The case from which Mr. Barber quotes a dissenting opinion, United States v. Craft, 535 U.S. 274 (2002), considered the question of whether a federal tax lien attaches to a husband's right to property as a tenant by the entirety under Michigan law, and found that a lien attached when the husband failed to pay an assessment of unpaid income tax liabilities. See id. at 276-77, 283.*

[4] *According to the First Amended Complaint, Mr. Barber's tax liabilities for 2001 and 2002 were first assessed in November, 2003, and so may not constitute valid liens on the property if he had no interest in it on that date. Also, some assessments of penalties and interest for years 1993 and 1994 were assessed in 2005 and 2006. Because Plaintiff has alleged other valid liens, however, the Court need not reach any question concerning these liens to resolve Mr. Barber's motion.*

*Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court finds that Count II of the First Amended Complaint easily satisfies this standard and should not be dismissed.  To the extent Mr. Barber asserts that the federal tax liens have been released or satisfied, or are otherwise unenforceable, these are defensive matters to be raised by a responsive pleading.

For similar reasons, the Court finds no merit in Mr. Barber's motion to dismiss state tax liens filed by the Oklahoma Tax Commission to preserve its interest in the real property and a claim by Oklahoma County to recover ad valorem taxes.  Mr. Barber's challenge to the state tax liens fails because the Oklahoma Tax Commission asserts tax warrants for years prior to 2003.  *See* Answer [Doc. 17], Exs. 1-3.  Like the federal tax liens, these liens attached to the real property before it was transferred to Mrs. Barber and are unaffected by the transfer.  *See Blair v. State ex rel. Oklahoma Tax Comm'n*, 935 P.2d 1197, 1201 (Okla. Civ. App. 1997) (federal court decisions are persuasive authority regarding attachment of state tax liens); Okla. Stat. tit. 68, §§ 231, 234.[5]  Oklahoma County's claim concerns an ad valorem tax lien based on delinquent property taxes for 2008.[6]  *See* Answer [Doc. 18], Ex. A.  An ad valorem tax lien remains with the property until paid and is an obligation of the current owner.  *See City of Oklahoma City v. Habana Inn*, 753 P.2d 400, 402 (Okla. Civ. App. 1987); Okla. Stat. tit. 68, § 2704.  Mr. Barber's lack of any interest in the property after 2003, if established, would not affect the validity of a lien against the property for unpaid ad valorem taxes.  Therefore, Mr. Barber fails to allege any basis for dismissal of the tax liens asserted by the Oklahoma Tax Commission and Oklahoma County.

---

[5] Like the federal tax liens, the Oklahoma Tax Commission's liens based on tax warrants against Mr. Barber after 2003 may be arguable but are not addressed by this Order.

[6] Oklahoma County admits in its response to Mr. Barber's motion that the tax bill was subsequently paid, and thus a supplemental pleading may be appropriate.  Nevertheless, on its face, the county's pleading is sufficient to state a valid lien against the property at issue in Count II.

**Rule 12(b)(3)**

Considered as a motion challenging venue under Rule 12(b)(3), Mr. Barber asserts only that, pursuant to 28 U.S.C. § 1402(a)(1), venue exists in the district where he resides for an action against the United States to recover damages for unauthorized collection activities by the Internal Revenue Service. *See* Def.'s Motion [Doc. 24] at 19-20 (citing 26 U.S.C. § 7433). The venue provision cited by Mr. Barber has no applicability to Plaintiff's action. In fact, a civil action to collect internal revenue taxes has a specific venue statute, 28 U.S.C. § 1396, which permits the action to be brought where the tax liability accrued, the return was filed, or the taxpayer resides. However, an action to enforce a federal tax lien on real property under 26 U.S.C. § 7403 must be brought where the property is located pursuant to 28 U.S.C. § 1391(b)(2). *See United States v. Dallas Nat'l Bank* 152 F.2d 582, 586 (5th Cir. 1946); *United States v. Stone*, 59 F.R.D. 260, 263-64 (D. Del. 1973).

Alternatively, viewing the motion as a request for a permissive change of venue under 28 U.S.C. § 1404(a), the Court finds that Mr. Barber has failed to establish a sufficient reason to disturb Plaintiff's choice of forum. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (movant bears the burden to establish inconvenience of existing forum); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (stating factors to be considered). Notwithstanding Mr. Barber's allegations concerning the burden on him of defending this tax collection action in Oklahoma, the Court finds any inconvenience to Mr. Barber is overcome by the inconvenience that would inure to other parties if the action were transferred to Nevada.

**Conclusion**

For the above reasons, the Court finds that Mr. Barber has failed to justify the dismissal of any party's claim or the transfer of this action to another district.

IT IS THEREFORE ORDERED that Mr. Barber's Application to Dismiss and for Change of Venue [Doc. No. 24] is DENIED.

IT IS SO ORDERED this 21st day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE