IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
v. ) Case No. CIV-08-1042-D
)
LEWIS BARBER, JR., *et al.*, )
)
          Defendants. )

**O R D E R**

This matter comes before the Court upon Plaintiff United States of America's Motion for Summary Judgment Against Lewis Barber, Jr. [Doc. No. 74], pursuant to Fed. R. Civ. P. 56. Plaintiff seeks a judgment on Count I of the First Amended Complaint to recover unpaid tax liabilities of Defendant Lewis Barber, Jr. ("Mr. Barber") and an order declaring that a federal tax lien for the 2000 tax year continues to attach to certain real property now owned by Defendant Cecilia Barber. In its brief, Plaintiff states that it does not seek to foreclose the federal tax lien, as sought by Count II of the First Amended Complaint, but will instead enforce the lien upon any subsequent transfer the subject property.[1]

Mr. Barber has not timely opposed the Motion but, instead, has entered into a written stipulation with Plaintiff as to the amount of his unpaid tax liabilities, which are the subject of Count I. *See* Stipulation [Doc. No. 82]. Also, Plaintiff and Mr. Barber have submitted for entry by the Court a proposed "Stipulated Order and Judgment Against Lewis Barber, Jr. as to Count I of the Complaint," which would award Plaintiff a money judgment for the amount of the unpaid tax

---

[1] Also, a proposed stipulated order and partial judgment, discussed below, contains a footnote which states: "The United States is no longer seeking foreclosure under Count II." These statements in Plaintiff's brief and in the proposed partial judgment are insufficient to obtain a dismissal of Count II, which therefore remains pending. *See* Fed. R. Civ. P. 41(a)(2) (authorizing a voluntary dismissal only by court order, except under circumstances not present here).

liabilities but would leave unresolved the foreclosure claim asserted in Count II. Based on Mr. Barber's failure to respond to the Motion, and based on the Stipulation, the Court deems admitted for the purpose of summary judgment all material facts set forth in Plaintiff's statement of material facts regarding Count I. *See* W.D. Okla. LCvR56.1(c). Based on the undisputed facts thus shown by the record, the Court finds that Plaintiff is entitled to a judgment as a matter of law on Count I of the First Amended Complaint. Upon review of the proposed Stipulated Order and Judgment, the Court also finds that it correctly states the undisputed amount of Mr. Barber's unpaid tax liabilities and that it should be entered in substantially the proposed form.[2]

Regarding the validity of the federal tax lien for Mr. Barber's tax liabilities for calendar year 2000, Plaintiff's Motion has been timely opposed by Defendant Financial Freedom Funding Corporation, FSB ("FFF"), which holds a mortgage on the subject property. FFF presents evidence of a release of the federal tax lien and argues either that Plaintiff's lien related to Mr. Barber's 2000 tax liabilities was released or that any existing lien is restricted to Mr. Barber's undivided interest in the subject property at the time the lien was perfected. In reply, Plaintiff agrees that "the federal tax lien attaches only to Mr. Barber's [undivided one-half] interest in the subject property." *See* Pl.'s Reply Br. [Doc. No. 78] at 1. Thus, the only issue presented for decision is whether Plaintiff released the federal tax lien regarding Mr. Barber's 2000 tax liabilities or whether this lien remains attached to Mr. Barber's interest in the property.

**Undisputed Facts**[3]

---

[2] The proposed Stipulated Order and Judgment contains clerical errors that will be corrected. For example, it refers to the Complaint [Doc. No. 1], which has been superseded by the First Amended Complaint [Doc. No. 16]. Also, it refers to Plaintiff's Motion as a pending motion.

[3] This statement includes only facts pertinent to the remaining issue.

The Internal Revenue Service made a federal income tax assessment against Mr. Barber for unpaid taxes, penalties and interest for calendar year 2000 on July 2, 2001. The balance owed by Mr. Barber for 2000 taxes is $20,974.67 as of October 31, 2009. Mr. Barber and his former spouse, Cecilia Barber, acquired title to the subject property – real property located at 10900 Bailey Drive in Oklahoma City, Oklahoma – as joint tenants with rights of survivorship by a quit claim deed dated April 10, 1992, and recorded with the county clerk on April 15, 1992. Following a divorce in 2003,[4] Mr. Barber conveyed his interest in the property to Cecilia Barber by quit claim deed dated August 20, 2003, and recorded with the county clerk on September 30, 2003.

On September 17, 2004, a Certificate of Release of Federal Tax Lien was recorded with the county clerk. The Certificate stated that "the following-named taxpayer . . . has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released." *See* Resp. Br., Ex. A [Doc. 77-2]. The named taxpayer was listed as: "CECILIA BARBER only.* CECILIA BARBER only, in the liability of LEWIS JR & CECILIA BARBER." *Id.* The certificate states the kind of tax (1040), tax period (2000), identifying number (social security number), date of assessment, and unpaid balance. Immediately below this information, the following text appears:

> *Under Internal Revenue Code Section 6015, with respect to the tax liabilities of CECILIA BARBER only, relief has been granted for the income tax liabilities secured by the subject lien. This justifies the issuance of this certificate that releases the subject lien only insofar as it relates to CECILIA BARBER in the liability of LEWIS JR & CECILIA BARBER. The lien is not released as it relates to LEWIS BARBER JR."

---

[4] The date of the divorce is not established by Plaintiff's Motion; FFF states (without record citation) that the decree of divorce was entered on August 18, 2003.

3

*Id.* FFF made a loan to Cecilia Barber in the amount of $225,000.00 by a promissory note dated March 28, 2007. The note was secured by a mortgage on the subject property, which was recorded with the county clerk on April 18, 2007.

**Standard of Decision**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.*

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(e). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Discussion**

The Internal Revenue Code provides for a federal tax lien "upon all property and rights to property, whether real or personal, belonging to such person" when "any person liable to pay any tax neglects or refuses to pay the same after demand." *See* 26 U.S.C. § 6321. This lien "shall arise

4

at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." *Id.* § 6322. However, this lien "shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) [of § 6323] has been filed by the Secretary." *Id.* § 6323(a). By the Motion, Plaintiff does not seek to establish the validity of its lien with respect to persons other than Mr. Barber. Plaintiff seeks only a determination that the federal tax lien for Mr. Barber's unpaid 2000 taxes attached to Mr. Barber's interest in the subject property in 2001 and continues in effect.

By operation of law, a lien for Mr. Barber's 2000 federal income tax liabilities arose on July 2, 2001 (the date of assessment), and attached to Mr. Barber's joint interest in the subject property on that date. *See United States v. Pioneer Am. Ins. Co.*, 374 U.S. 84, 88 (1963). Mr. Barber's transfer of the property in 2003, after the federal tax lien attached, did not affect the lien; "no matter into whose hands the property goes, the property passes *come onere*, or with the lien attached." *United States v. Bess*, 357 U.S. 51, 57 (1958); *United States v. Cache Valley Bank*, 866 F.2d 1242, 1245 (10th Cir. 1989). In fact, FFF does not contest the validity of the federal tax lien as to Mr. Barber's undivided one-half interest in the subject property in 2001, if the lien was not released in 2004. As the issue is framed by the summary judgment briefs, the limited question presented for decision is whether the Certificate of Release extinguished the lien in its entirety, rather than simply as to Cecilia Barber's interest in the property.

FFF contends the Certificate is "vague, contradictory and appears to release the tax lien." *See* Resp. Br. [Doc. 77] at 2. This is so, FFF argues, because the Certificate released the referenced lien at a time when Mr. Barber no longer owned the property, and thus, "the only reasonable

5

interpretation of the Release is that it was intended to release the tax lien against the Subject Property" in its entirety. *Id*. at 5.

The Court is unpersuaded by FFF's argument. The language of the Certificate is clear and unambiguous. Its effect was to release the federal lien for Lewis and Cecilia Barbers' 2000 income tax liabilities as to "Cecilia Barber only." *See* Resp. Br., Ex. A [Doc. 77-2]. The Certificate expressly states: "The lien is not released as it relates to Lewis Barber, Jr." *Id*. Thus, the Court finds that the July 2, 2001 federal tax lien for Mr. Barber's outstanding 2000 income tax liabilities remains attached to the subject property to the extent of Mr. Barber's undivided one-half interest in the property on that date. The Court makes no determination concerning the priority of this lien in relation to any other lien or encumbrance on the subject property.

IT IS THEREFORE ORDERED that Plaintiff United States of America's Motion for Summary Judgment Against Lewis Barber, Jr. [Doc. No. 74] is GRANTED as set forth herein.

IT IS SO ORDERED this 5th day of April, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE